UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARCOS IDROVO, on behalf of himself and
others similarly situated,

                                Plaintiff,                      **MEMORANDUM AND ORDER**

        -against-

                                                                10-CV-4188 (SLT) (RLM)

MISSION DESIGN AND MANAGEMENT, INC.,
JOHN SHIN, JOHN DOE a/k/a KEVIN, and
JOHN DOE a/k/a MR. CHOO,

                                Defendants.
-----------------------------------------------------------x
**TOWNES, United States District Judge:**

        In mid-September 2010, plaintiff Marcos Idrovo commenced this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq*. (the "FLSA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and state law seeking relief both for himself and for other employees of defendant Mission Design and Management, Inc. ("Mission Design"). The Milman Labuda Law Group PLLC ("MLLG") appeared as counsel for defendants in late November 2010 and represented them before this Court for approximately one year thereafter. However, on December 7, 2011, MLLG requested permission to be relieved as counsel, asserting that defendants had failed to communicate with MLLG about the defense of their case since May 2011 and had failed to pay the law firm. *See* Letter to Hon. Roanne L. Mann, U.S.M.J., from Joseph M. Labuda, Esq., dated Dec. 7, 2011, at 1.

        In response to MLLG's letter, Magistrate Judge Mann scheduled a conference for December 22, 2011. Her endorsed scheduling order not only directed Mission Design and its principal, defendant John Shin, to appear at the conference, but also warned the defendants that

sanctions – including a default judgment – might be entered if they failed to appear. Despite this warning, defendants did not appear.

When defendants failed to appear as directed, Judge Mann granted MLLG's motion to be relieved and issued a written order directing defendants to show cause, in a writing filed by January 6, 2012, why a default judgment should not be entered against them. Although the docket sheet reflects that Judge Mann sent the order to show cause via overnight mail to defendants at their last known address, the orders were returned as undeliverable. No response to the order to show cause was received and neither defendant has been heard from since.

On March 1, 2012, Judge Mann issued a report and recommendation (the "R&R"), recommending that defendants' answer be stricken and that their defaults be entered. In that R&R, Judge Mann noted that defendants appeared to have "abandoned their defense of this litigation" and to be "unwilling to comply with court orders." R&R at 2. Judge Mann directed the Clerk of Court to enter the R&R on the Court's Electronic Case Filing System ("ECF") and to mail copies to the defendants' last known addresses. *Id.* In addition, the R&R expressly advised the defendants that objections to the R&R had to be filed by March 19, 2012, and that failure to file timely objections might result in a waiver of the right to appeal any order adopting the R&R. *Id.*

Pursuant to Judge Mann's directive, the Clerk of Court mailed copies of the R&R to defendants' last known addresses. However, these mailings – like those containing copies of Judge Mann's order to show cause – were returned as undeliverable. Although the R&R was uploaded onto ECF on March 1, 2012, where it been available for viewing using computer

2

terminals accessible in the Clerk's Office ever since, no objections have yet been received from defendants.

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, even when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Having reviewed the R&R, and finding no clear error, the Court adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## *CONCLUSION*

For the reasons stated above, Magistrate Judge Mann's report and recommendation dated March 1, 2012, is adopted in its entirety. Defendants' answer is stricken and their defaults are hereby entered. Plaintiff shall move for a default judgment pursuant to Fed. R. Civ. P. 55(b) on or before May 18, 2012.

**SO ORDERED.**

s/ SLT

/ SANDRA L. TOWNES
United States District Judge

Dated: April 17, 2012
Brooklyn, New York

3