UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARCOS IDROVO,

                          Plaintiff,

      -against-                               **ORDER ADOPTING REPORT**
                                                                 **AND RECOMMENDATION**
MISSION DESIGN AND MANAGEMENT, INC.,
*et al.*,                                                10-CV-4188 (SLT) (RLM)

                          Defendants.
-----------------------------------------------------------x

**TOWNES, United States District Judge:**

In late November 2010, the Milman Labuda Law Group PLLC ("Milman") appeared in this action on behalf of defendants Mission Design and Management, Inc., and John S. Shin. In December 2011, Milman sought to withdraw as counsel, alleging that defendants had failed to communicate with Milman about the defense of the case since May 2011 and had failed to pay attorneys' fees owed to Milman. On January 5, 2012, a few weeks after Magistrate Judge Roanne L. Mann granted Milman's application to withdraw, Milman moved pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure to recover the unpaid attorneys' fees from defendants.

In a report and recommendation dated November 28, 2012 (the "R&R"), Judge Mann recommended that this Court exercise its supplemental jurisdiction under 28 U.S.C. §1367 and grant Milman's motion for fees and costs in the amount of $8,233.20. The R&R expressly advised the parties that any objections to the R&R had to be filed by December 17, 2012. In addition, the R&R not only directed the Clerk of Court to mail copies of the R&R to defendants Mission Design and Management, Inc., and John Shin at their last known addresses, but also directed the Clerk to enter the R&R into the Court's electronic case filing ("ECF") system and to mail a copy of the R&R to Shin's criminal defense attorney.

According to the docket sheet, the R&R was entered on the ECF system on November 30, 2012. Hard copies of the R&R were mailed to defendants and to Shin's criminal defense attorney on or about that same date. Although the copies addressed to defendants' last known addresses were returned as undeliverable, the copy sent to Shin's attorney was not returned. To date, this Court has received no objections to the R&R.

Although it is possible that defendants never actually received a copy of the R&R, service of the R&R was nonetheless complete on the day the copies of the R&R were mailed by the Clerk of Court. Rule 77(d) of the Federal Rules of Civil Procedure requires that the Clerk of Court effect service "as provided by Rule 5(b)." Rule 5(b) provides that service may be effected by, among other methods, "mailing it to the person's last known address – in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Even assuming, *arguendo*, that defendants never received the copy mailed to Shin's criminal defense attorney, due process was nonetheless satisfied because the means of notification utilized by the Clerk of Court at Judge Mann's direction were reasonably calculated to provide defendants with actual notice of the R&R. *See Sanders v. New York City Dept. of Correction*, 376 Fed. Appx. 151 (2d Cir. May 12, 2010) (summary order); *see also Grievance Comm. v. Polur*, 67 F.3d 3, 6 (2d Cir.1995) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950)) ("The proper focus of the due process inquiry is not whether notice . . . was actually received but whether the means selected were 'such as one desirous of actually informing the [litigant] might reasonably adopt to accomplish it.'").[1]

---

[1] Although defendants are unrepresented, *pro se* litigants are not exempt from the obligation to notify the court of their changes of address. *See Canario-Duran v. Borecky*, No. 10–CV–1736 (DLI)(LB), 2011 WL 176745, at *1 (E.D.N.Y. Jan. 19, 2011). Accordingly, "[w]hen a *pro se* litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, the court may deny that litigant relief." *Id.*

2

Because defendants did not file objections to the R&R, this Court is not legally obligated to review the R&R. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) (district court not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed). However, even when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Accordingly, although not required to do so, this Court has reviewed Judge Mann's R&R for clear error on the face of the record. The Court finds no clear error and, therefore, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, it is

**ORDERED** that the motion by defendants' former counsel, Milman Labuda Law Group PLLC, for attorneys' fees and costs is granted in the amount of $8,233.20. The Clerk of Court is directed to enter a supplemental judgment in favor of Milman Labuda Law Group PLLC, and against defendants Mission Design and Management, Inc., and John Shin, jointly and severally, in the amount of $8,233.20.

**SO ORDERED.**

s/ SLT

/SANDRA L. TOWNES
United States District Judge

Dated: December 27, 2012
Brooklyn, New York

3